STATE OF NEBRASKA, APPELLANT, V.
THOMAS J. SCHINZEL, APPELLEE.

710 N.W.2d 634

Filed March 10, 2006.    No. S-05-679.

Jon Bruning, Attorney General, and Samuel G. Kaplan, Special Assistant Attorney General, for appellant.

Dennis R. Keefe, Lancaster County Public Defender, Shawn Elliott, and Allyson Mendoza, Senior Certified Law Student, for appellee.

HENDRY, C.J., CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

MILLER-LERMAN, J.

## NATURE OF CASE

Thomas J. Schinzel was committed to the Lincoln Regional Center (LRC) in 1996 after being found not guilty of various charges by reason of insanity. Following a statutory annual review hearing in 2004, the district court for Lancaster County ordered that Schinzel's physical custody be transferred to a community residential facility but that his legal custody remain with LRC. Further hearings were held to address concerns raised by LRC with regard to the arrangement. On April 26, 2005, the court entered an order providing that LRC and the Lancaster County Community Mental Health Center (LCCMHC) "shall have joint legal custody" of Schinzel and directing that Schinzel's physical placement be transferred to the community residential facility. The State appeals. Because "joint legal custody" is not authorized under the controlling statutes, we reverse, and remand for further proceedings.

## STATEMENT OF FACTS

On October 19, 1995, Schinzel was charged in the district court with various counts including attempted assaults, attempted murders, and weapons violations. On May 9, 1996, the court found Schinzel not guilty by reason of insanity. Following a hearing held pursuant to Neb. Rev. Stat. § 29-3701(1) (Reissue 1995), Schinzel was found to be dangerous to himself or others

by reason of mental illness and defect. Schinzel was ordered to undergo an evaluation at LRC. Following the evaluation, a hearing was held pursuant to Neb. Rev. Stat. § 29-3702 (Reissue 1995), and the court, on September 26, 1996, ordered Schinzel committed to LRC for treatment.

Annual reviews of Schinzel's status were subsequently conducted pursuant to Neb. Rev. Stat. § 29-3703 (Reissue 1995). A statutory annual review hearing was held on May 6, 2004. In a report prepared for the annual review, the LRC treatment team opined that inpatient hospitalization of Schinzel was no longer the least restrictive alternative consistent with public safety. The team recommended that Schinzel be discharged from LRC but that he receive outpatient mental health services through LCCMHC with residency at Prescott Place, Inc., a residential living facility. LRC is a state facility administered by the Department of Health and Human Services, while LCCMHC is operated by Lancaster County. Prescott Place is a private entity that is not managed or directly funded by LRC or the State. Following the May 6 hearing, the court entered an order dated June 15, 2004, that Schinzel's physical custody be transferred to Prescott Place but that his legal custody remain with LRC.

LRC subsequently notified the court of its concerns regarding the June 15, 2004, order, under which LRC was to retain legal custody of Schinzel while transferring his physical custody to Prescott Place. A hearing was held to address these concerns, and following the hearing, the court on February 17, 2005, ordered Schinzel to be discharged from LRC and committed to a LCCMHC treatment program with his physical placement at Prescott Place. The February 17 order included directions to various agencies as to what steps they were to take if Schinzel's conduct did not comport with public safety. The court conditioned the February 17 order upon the signing of affidavits by law enforcement agencies, including the Lincoln Police Department, the Lancaster County Sheriff's Department, and Lancaster County Corrections, and by the treatment agencies. The affidavits were to state that all such agencies would comply with the elements of the court's order. The law enforcement agencies were unwilling to sign affidavits, and, therefore, another hearing was held.

On April 26, 2005, the court filed an order in which it expressed concern for the protection of the public safety while Schinzel was being treated outside a locked inpatient facility. As a consequence, the court ordered that Schinzel's physical placement be transferred to Prescott Place, with treatment provided by LCCMHC, but that LRC and LCCMHC "shall have joint legal custody" of Schinzel. According to the order, such an arrangement would facilitate Schinzel's physical return to LRC if "there is a basis to believe that his presence in the community is a danger to the public."

The State appeals the April 26, 2005, order.

## ASSIGNMENTS OF ERROR

The State asserts that the district court erred in placing "joint legal custody" of Schinzel with LRC and LCCMHC and in failing to order Schinzel discharged from LRC when it placed him in a less restrictive facility. The State argues that joint legal custody is not authorized by statute.

## STANDARDS OF REVIEW

■ An appellate court will not interfere on appeal with a final order made by the district court in a mental health commitment proceeding unless the court can say as a matter of law that the order is not supported by clear and convincing proof. *State v. Simants*, 248 Neb. 581, 537 N.W.2d 346 (1995).

■ To the extent an appeal calls for statutory interpretation or presents questions of law, an appellate court must reach an independent conclusion irrespective of the determination made by the court below. *State v. Rieger*, 270 Neb. 904, 708 N.W.2d 630 (2006).

## ANALYSIS

The State argues on appeal that the district court was without authority to order that LRC and LCCMHC share "joint legal custody" of Schinzel. We agree that the relevant statutes do not provide for the arrangement ordered by the district court, and we therefore reverse the order and remand the cause for the district court to determine whether Schinzel should remain committed to LRC or whether Schinzel should be discharged from LRC for

the reason that a less restrictive alternative would be consistent with his treatment needs and with public safety.

In 1996, Schinzel was ordered committed to LRC for treatment pursuant to § 29-3702. Commitment to LRC was a permitted option under § 29-3702(2), which provides that a person found to be dangerous shall be ordered to participate in an appropriate treatment program and that such treatment program "may involve any public or private facility or program which offers treatment for mental illness and may include an inpatient, residential, day, or outpatient setting."

Once a person has been committed to a treatment program, § 29-3703(1) provides that the court shall annually review the status of the committed person. Following such review, § 29-3703(2) provides the reviewing court with options. Section 29-3703(2) provides:

> If as a result of such hearing the court finds that such person is no longer dangerous to himself, herself, or others by reason of mental illness or defect and will not be so dangerous in the foreseeable future, the court shall order such person unconditionally released from court-ordered treatment. If the court does not so find, the court shall order that such person participate in an appropriate treatment program specifying conditions of liberty and monitoring consistent with the treatment needs of the person and the safety of the public. The treatment program may involve any public or private facility or program which offers treatment for mental illness and may include an inpatient, residential, day, or outpatient setting. The court shall place the person in the least restrictive available treatment program that is consistent with the treatment needs of the person and the safety of the public.

We further note that § 29-3703(3) provides:

> If the person has been treated in a regional center or other appropriate facility and is ordered placed in a less restrictive treatment program, the regional center or other appropriate facility shall develop an individual discharge plan consistent with the order of the court and shall provide the less restrictive treatment program a copy of the discharge plan and all relevant treatment information.

We read § 29-3703(2) and (3) together to provide that following the annual status review of a person committed to treatment in a regional center, the court may either order the person released unconditionally, order the person to remain committed to the regional center, or order the person discharged from the regional center and placed in a less restrictive treatment program. With respect to an individual who is not released unconditionally, the relevant statutes speak only of a person's being committed to a treatment program in a regional center or committed to another treatment program. Where the treatment program is "less restrictive," the person is subject to a "discharge plan." § 29-3703(3). Thus, under § 29-3703, when it is determined that a less restrictive treatment program is warranted, then the person should be discharged from his or her present program and should be ordered committed to the less restrictive program. The statutes do not mention the concept of "legal custody" with respect to commitments and therefore do not authorize "joint legal custody" as set forth in the court's April 26, 2005, order at issue in this case. Because the statutes do not authorize the "joint legal custody" ordered in this case, we conclude that under § 29-3703, a person cannot be placed in the "joint legal custody" of two separate agencies or treatment programs. See *In re Interest of Jeremy T.*, 257 Neb. 736, 600 N.W.2d 747 (1999) (concluding statutes and case law do not authorize placement of juvenile in "dual custody" of two separate agencies simultaneously).

Because the district court in the present case ordered an arrangement that was not authorized by the statutes, we reverse the April 26, 2005, order. From our reading of the order, the court may have determined that the LCCMHC treatment program was consistent with Schinzel's treatment needs, but the court appeared uncertain as to whether such placement was consistent with public safety. The court apparently attempted to reconcile these concerns with the "joint legal custody" arrangement which is not authorized by the statutes, and such order was an error of law. Accordingly, we reverse, and remand to the district court to determine the status of Schinzel consistent with the statutes and this opinion.

## CONCLUSION

We conclude that the district court erred in ordering that LRC and LCCMHC share "joint legal custody" of Schinzel. We reverse the order and remand the cause to the district court to determine Schinzel's status and to enter an appropriate order consistent with this opinion.

REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.

WRIGHT, J., not participating.