IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. WILLIAMS

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

BRIAN M. WILLIAMS, APPELLANT.

Filed September 12, 2017.    No. A-17-060.

Appeal from the District Court for Lancaster County: ANDREW R. JACOBSEN, Judge. Affirmed.

Timothy S. Noerrlinger for appellant.

Douglas J. Peterson, Attorney General, and Joe Meyer for appellee.

MOORE, Chief Judge, and BISHOP and ARTERBURN, Judges.

MOORE, Chief Judge.

### INTRODUCTION

Brian M. Williams appeals from a post-acquittal commitment proceeding held pursuant to Neb. Rev. Stat. §§ 29-3701 and 29-3702 (Reissue 2016). The district court for Lancaster County found Williams to be a danger to himself and the public and committed him to the Lincoln Regional Center (Regional Center). On appeal, Williams contends the court failed to properly weigh the evidence and wrongly required inpatient treatment at the Regional Center. Because we cannot say as a matter of law that the district court order was unsupported by clear and convincing proof, we affirm.

### BACKGROUND

On May 28, 2015, a Lancaster County deputy sheriff observed Williams driving in excess of the speed limit. When the deputy initiated a traffic stop, Williams fled. After a chase, the deputy

- 1 -

took Williams into custody. Because he requested medical treatment, the deputy took him to the hospital. However, upon arrival at the hospital, Williams refused both treatment and requests for a blood test. He was later charged with operating a motor vehicle to avoid arrest, refusal of a chemical test, and resisting arrest, first offense. Following a bench trial on stipulated facts, the district court entered an order on July 27, 2016, finding the defendant suffered from schizophrenia and was "hallucinating and paranoid" at the time of his offenses. His condition at that time made him unable to distinguish right from wrong. Therefore, the district court found Williams not responsible by reason of insanity on all three counts.

After the acquittal, the trial court conducted a probable cause hearing on August 17, 2016, pursuant to § 29-3701. The State reentered evidence from trial, including the evaluation of Williams by a clinical psychologist. The court further received a mental investigation case report from the police and Williams' testimony. In an order entered August 24, the court found probable cause to believe Williams was dangerous to himself or others by reason of his mental illness. The court ordered that Williams' mental condition be evaluated within 90 days and a treatment plan prepared. However, because the court found Williams would not be a danger to himself and the public during the required evaluation period, the court stated that Williams could be evaluated at the Regional Center on an outpatient basis.

Williams did not make himself available for the outpatient evaluation, and the district court ordered him to appear for a hearing to be held on September 16, 2016. Williams did not appear for the September 16 hearing, and the court granted the State's motions to revoke Williams' bond, issue a bench warrant, and hold Williams in the Lancaster County Jail until the Regional Center had room for an evaluation.

On September 19, 2016, a Regional Center psychiatrist performed an initial evaluation on Williams for the court. Based on his evaluation of Williams and the stipulated trial evidence, the psychiatrist found that Williams is unlikely to attend outpatient appointments and take prescribed medication. The psychiatrist went on to find Williams' delusions would not yield to outpatient psychotherapy. If Williams were given a relapse prevention plan, the psychiatrist determined he would be unlikely to follow it. Last, the psychiatrist found that Williams is physically aggressive and may harm his mother if left in her custody. Thus, the Regional Center psychiatrist found Williams is a "clear and present danger to others." The psychiatrist mailed his findings to the court in a letter dated September 19.

Due to the Regional Center psychiatrist's findings, the district court scheduled an additional probable cause hearing for October 7, 2016. At the additional probable cause hearing, the State presented the psychiatrist's findings. Following the hearing, the district court entered an order finding probable cause existed that Williams was dangerous to himself and others by reason of his mental illness and would remain dangerous in the foreseeable future. Accordingly, the district court ordered that Williams remain in law enforcement custody, pending bed availability at the Regional Center, and that his evaluation be conducted at the Regional Center on an inpatient basis.

The district court held a commitment hearing pursuant to § 29-3702 on December 20, 2016. The State offered the opinions of a social worker, clinical psychologist, and second psychiatrist from the Regional Center on the condition of Williams' mental health. These mental health

professionals reported that Williams has a history of aggression and paranoid delusions leading to impulsive behavior. He is altogether unwilling to discuss his mental health issues. Although he has had no behavioral issues since his admission to the Regional Center, he has reported experiencing 5 to 10 minutes of delusions per day. He has a poor history of compliance with taking medication, and cannot articulate why taking medication is important. While his condition has improved since his admission, the mental health professionals asserted Williams is still mentally ill and dangerous. He would be a particular risk if he were to leave the Regional Center's structured environment. They concluded that inpatient treatment at the Regional Center would be the least restrictive mental health plan for Williams' condition. In response, Williams insisted that his mental health had improved since being in the care of the Regional Center and that he would be able to administer his medications independently. Williams requested the court enter a treatment plan and order him to report to the Regional Center on a less restrictive outpatient basis.

On December 23, 2016, the district court entered an order committing Williams to the Regional Center for appropriate treatment. The court found clear and convincing evidence that Williams was a danger to himself or others due to his mental illness and that the danger would continue in the foreseeable future absent continuing participation in the appropriate treatment. The court further found the Regional Center is the least restrictive environment for Williams, and ordered a treatment plan consistent with the Regional Center's evaluation. Williams appealed.

## ASSIGNMENTS OF ERROR

Williams asserts, consolidated and restated, that the district court did not properly weigh the evidence and thus erred in placing his legal custody with the Regional Center instead of instituting a less restrictive outpatient commitment.

## STANDARD OF REVIEW

An appellate court will not interfere with a final order made by the district court in a mental health commitment proceeding unless the court can say as a matter of law that the order is not supported by clear and convincing proof. *State v. Schinzel*, 271 Neb. 281, 710 N.W.2d 634 (2006).

## ANALYSIS

Williams argues that the district court erred in granting the Regional Center custody over him for inpatient treatment when outpatient treatment was available. Section 29-3702 requires the district court to place a person who is a danger to himself or others due to mental illness in the least restrictive available treatment program that is consistent with the person's needs and the safety of the public. Williams insists that because the court found, following the initial § 29-3701 probable cause hearing, that he would not pose a foreseeable danger to himself or the public during the evaluation period, § 29-3702 requires the district court to similarly find he is not dangerous at the commitment proceeding.

Williams misunderstands the relationship between the post-acquittal probable cause hearing required by § 29-3701 and the post-acquittal mental health commitment hearing described in § 29-3702. In his brief, Williams suggests that the two hearings must necessarily be consistent with one another. Instead, as discussed below, the two hearings determine the status of an acquitted

person's mental health and the least restrictive treatment option based on evidence available to the court at the time of each hearing.

After an acquittal on grounds of insanity, § 29-3701(1) provides the procedure the issuing court must follow.

> Following receipt of a verdict of acquittal on grounds of insanity, the court shall forthwith conduct a hearing to determine whether there is probable cause to believe the person is dangerous to himself, herself, or others by reason of mental illness or defect or will be so dangerous in the foreseeable future, as demonstrated by omissions, threats, or overt acts. In making this determination the court shall consider all evidence adduced at trial and all additional relevant evidence. If the court finds probable cause it shall order an evaluation not to exceed ninety days in length of the person's mental condition and a treatment plan. . . . The evaluation of the person may be conducted as an outpatient at a regional center or other appropriate facility if the court finds by clear and convincing evidence that the person poses no current danger to society at the time of the probable cause hearing and will not become a danger to society during the evaluation period. . . .

Here, at Williams' initial hearing the district court found probable cause that Williams is--or may be in the foreseeable future--a danger to himself or the public. But based on the evidence available at that time, the court found he would not be a danger to himself or the public during the evaluation period. The court therefore allowed the Regional Center to evaluate Williams on an outpatient basis. Because he did not attend his outpatient evaluation, the court issued a bench warrant for Williams' arrest and ordered him held in custody until he could be evaluated at the Regional Center. The district court held a second probable cause hearing based on the Regional Center psychiatrist's findings following the initial evaluation. At the second hearing, the district court determined Williams was a danger to himself and others and should be evaluated on an inpatient basis. Following the evaluation, the district court held a commitment hearing.

When a regional center has completed the evaluation ordered at a § 29-3701 probable cause hearing, the court will hear the evidence obtained from the evaluation in a commitment proceeding. As provided in § 29-3702(1):

> Prior to the expiration of the evaluation period provided for in section 29-3701, the court shall conduct an evidentiary hearing regarding the condition of the person, at which time a representative of the facility where he or she was evaluated may testify as to the results of the evaluation and the contents of the treatment plan. Based upon the results of the evaluation, evidence adduced at trial, evidence of other omissions, threats, or overt acts indicative of dangerousness, and any other relevant evidence, the court shall determine whether the person is dangerous to himself, herself, or others by reason of mental illness or defect, will be so dangerous in the foreseeable future, or will be so dangerous absent continuing participation in appropriate treatment.

If the court finds the required clear and convincing evidence, § 29-3702(2) provides that the court must order the person to participate in the least restrictive available treatment program that is consistent with the treatment needs of the person and the safety of the public.

The Nebraska Supreme Court has found several factors point to a finding that inpatient commitment is the least restrictive treatment option for an acquitted defendant. For example, in *State v. Steele,* 224 Neb. 476, 399 N.W.2d 267 (1987), the district court placed a person acquitted from criminal charges based on a plea of insanity in the custody of a regional center for inpatient mental health treatment. On appeal, the acquitted defendant claimed the State could not point to an overt act sufficient to meet the clear and convincing evidence standard of commitment. The Supreme Court determined that a psychiatrist's findings regarding the acquitted defendant's mental health were legally sufficient to support the clear and convincing standard the statute requires.

So too, in *State v. Hayden*, 233 Neb. 211, 444 N.W.2d, 317 (1989), a defendant acquitted on grounds of insanity claimed the State offered insufficient evidence to support a finding by the clear and convincing standard. The defendant argued that even if inpatient treatment was necessary at one point, evidence that the defendant's mental illness was in remission merited a less restrictive mental health treatment plan. The Supreme Court disagreed. The Court reasoned that the defendant's history of aggression, drug and alcohol abuse, poor orientation in time and place, and the necessity of close monitoring supported the district court's findings that the defendant was a danger to himself and the public and should be treated as an inpatient at a regional center.

In this case, the court found by clear and convincing evidence that Williams was a danger to himself and others, and would continue to be such a danger for the foreseeable future. The court based its decision on several factors, including Williams' refusal to cooperate with treatment, lack of insight regarding his mental illness, history of aggression toward his mother and the police, history of drug and alcohol abuse, poor orientation in time and place, the need for close observation, and the recommendation of several mental health professionals. Therefore, the court concluded inpatient treatment would be the least restrictive option. We agree.

An appellate court will not interfere with a final order made by the district court in a mental health commitment proceeding unless the court can say as a matter of law that the order is not supported by clear and convincing proof. *State v. Schinzel*, 271 Neb. 281, 710 N.W.2d 634 (2006). Based on the evidence presented at the commitment hearing, it cannot be said that there is not sufficient evidence to support the district court's finding by clear and convincing proof.

## CONCLUSION

After reviewing the record, we cannot conclude as a matter of law that the district court erred in placing legal custody of the appellant with the Regional Center instead of instituting a less restrictive outpatient commitment. Therefore, we affirm.

AFFIRMED.