IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. WILLIAMS

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

BRIAN M. WILLIAMS, APPELLANT.

Filed April 20, 2021.    No. A-20-498.

Appeal from the District Court for Lancaster County: ANDREW R. JACOBSEN, Judge. Affirmed.

Timothy S. Noerrlinger for appellant.

Douglas J. Peterson, Attorney General, and Melissa R. Vincent for appellee.

PIRTLE, Chief Judge, and MOORE and BISHOP, Judges.

MOORE, Judge.

INTRODUCTION

Brian M. Williams appeals from an order entered by the district court for Lancaster County, following a mental health commitment review hearing held pursuant to Neb. Rev. Stat. §§ 29-3701 and 29-3702 (Reissue 2016). The district court found Williams continues to be a danger to himself and others and ordered that Williams continue outpatient treatment with Lincoln Behavioral Health Clinic (LBHC). On appeal, Williams contends the court failed to properly weigh the evidence and erred in finding that he continued to be a danger, and requiring him to continue outpatient treatment instead of releasing him from the court's jurisdiction. Because we cannot say as a matter of law that the district court order was not supported by clear and convincing proof, we affirm.

- 1 -

STATEMENT OF FACTS

On October 30, 2015, Williams was charged by information with operating a motor vehicle to avoid arrest, refusal to submit to a chemical test, and resisting arrest. Following a bench trial in July 2016, the district court entered an order finding that Williams suffered from schizophrenia and was "hallucinating and paranoid" at the time of his offenses, therefore finding him not responsible by reason of insanity on all three counts. See *State v. Williams,* No. A-17-060, 2017 WL 4005607 (Neb. App. Sept. 12, 2017) (selected for posting to court website). An evidentiary hearing was held on December 20, 2016. At the hearing, a report from the Lincoln Regional Center (LRC) was admitted into evidence, which reported that commitment at LRC was the least restrictive treatment consistent with public safety available. LRC noted that inpatient placement was necessary due to concerns that Williams would refuse to continue taking his schizophrenia medication if released. On December 23, 2016, Williams was committed to the Lincoln Regional Center (LRC) for appropriate treatment, after the court found that Williams was a danger to himself or others due to his mental illness and that the danger would continue in the foreseeable future absent continuing participation in the appropriate treatment. *Id*. Williams appealed the order, arguing that the district court did not properly weigh the evidence and thus erred in placing his legal custody with LRC instead of instituting a less restrictive outpatient commitment. See *State v. Williams, supra*. This court affirmed the order of the district court, finding that there was clear and convincing evidence that Williams was a danger to himself and others and would continue to be such a danger for the foreseeable future. *Id*.

On August 29, 2017, a review hearing was held during which LRC submitted another report that noted Williams' condition had improved, and recommended treatment at an inpatient facility with additional privileges to determine how he would handle his treatment needs and leisure time. Williams was discharged to Center Pointe for dual-diagnosis inpatient treatment.

On January 23, 2018, another review hearing was held during which it was determined that outpatient treatment at LRC was appropriate. The court made this decision based on a letter from Center Pointe, stating that Williams was ready for discharge and that outpatient treatment would be sufficient to monitor Williams' medication and substance abuse long term. At this hearing, a letter from LRC recommended that Williams be discharged to a community placement with appropriate services. On February 13, the court entered an order discharging Williams to outpatient treatment at LRC and required him to continue taking his schizophrenia medication.

On March 13, 2019, another review hearing was held during which it was determined that outpatient treatment at LBHC Clinic was appropriate. As part of this hearing, the court reviewed a letter from LRC that said Williams was compliant with his treatment, appeared to be free from hallucinations, and continued to abstain from substance use. The letter recommended that Williams continue with the current treatment plan and court supervision. Another letter from LRC was reviewed, in which it is noted that absent treatment, Williams "remains dangerous to himself or others." The court entered an order on April 9 ordering Williams to receive outpatient treatment from LBHC, including taking all medications as prescribed.

Williams' most recent review hearing was held on May 27, 2020. At the hearing, Williams offered into evidence various reports from mental health professionals who have treated him since April 2016, many of which are described above. Williams' current therapist, Donald Holmquist,

noted in a letter dated February 14, 2020, that Williams has attended weekly psychotherapy sessions at LBHC since February 1, 2018, where he focuses on symptom management for schizophrenia as well as relapse prevention related to his past substance abuse. Holmquist also noted that Williams is ambivalent about his diagnosis and believes that his schizophrenia might actually be "spiritual psychosis," but that Williams has recently acknowledged his diagnosis in comments during his therapy sessions. In a second later dated March 20, 2020, Holmquist repeated that Williams attends weekly therapy sessions, and noticed that he "appears to be doing well in the community while on his prescribed medications, has not had any instances with the law and has not found himself in any dangerous predicaments." Holmquist stated that Williams "questions the need for the medication, but nonetheless has been extremely dedicated to receiving them." Holmquist noted that although Williams questions his diagnosis, he "has engaged in sustained diligent work and continues to be interested in his self-worth, helping others, and is looking forward to a happy and healthy future." Holmquist ultimately concluded that Williams would not be dangerous to himself or others in the foreseeable future, so long as he continues with his medication and therapy treatment.

Holmquist also testified at the review hearing. Holmquist testified that based on his experience, it is unlikely for someone to be cured from schizophrenia, but that symptoms can be minimalized through pharmacotherapy and psychotherapy. Holmquist noted that Williams questions his need for his schizophrenia medication, but that he takes it due to the court order, and that he has reported that he would likely not continue to take it without a court order in place. Holmquist testified that if Williams were to discontinue treatment, his health and wellness would decline, and that it is likely that he could present a danger to himself or others. Specifically, Holmquist opined that it is possible that Williams could present a danger similar to the original offense if he were to discontinue medication.

Williams also testified and stated that if the court were to terminate jurisdiction, the only thing he would change would be to meet with Holmquist every other week instead of weekly. Williams denied that he would make any changes to the medication he currently takes.

On June 11, 2020, the court entered an order continuing jurisdiction over Williams and finding that he remains a danger to himself or others in the foreseeable future, absent court mandated treatment. The court continued Williams' outpatient treatment at LBHC, including ordering that Williams take all medication as prescribed. Williams now appeals.

## ASSIGNMENTS OF ERROR

Williams asserts, consolidated and restated, that the district court did not properly weigh the evidence and thus erred in placing his legal custody with LBHC on an outpatient basis instead of discharging him from the jurisdiction of the court, as he is no longer a danger to himself or others in the foreseeable future.

## STANDARD OF REVIEW

An appellate court will not interfere with a final order made by the district court in a mental health commitment proceeding unless the court can say as a matter of law that the order is not supported by clear and convincing proof. *State v. Schinzel*, 271 Neb. 281, 710 N.W.2d 634 (2006).

ANALYSIS

Section 29-3702 requires the district court to place a person who is a danger to himself or others due to mental illness in the least restrictive available treatment program that is consistent with the person's needs and the safety of the public. Neb. Rev. Stat. § 29-3703(2) (Reissue 2016) provides that the treatment program may involve any public or private facility or program which offers treatment for mental illness and may include an inpatient, residential, day, or outpatient setting. Section 29-3703 also provides that "[u]pon motion of the prosecuting attorney or upon its own motion, but at least annually, the court shall hold a hearing to determine whether the person is complying with the conditions set by the court." Further, if, after a hearing, the district court determines the person remains dangerous to himself or others and will be so dangerous in the foreseeable future, it shall order the person to participate in an appropriate treatment program consistent with the treatment needs of the person and the safety of the public. See § 29-3703(2). In determining whether a person is dangerous, the focus must be on the person's condition at the time of the hearing. *In re Interest of O.S.*, 277 Neb. 577, 763 N.W.2d 723 (2009). Actions and statements of a person alleged to be mentally ill and dangerous which occur before the hearing are probative of the subject's present mental condition. *Id*. Although assessment of whether a person will be dangerous calls for a medical decision, the sufficiency of the evidence required to support such a decision presents a legal question. *Id*.

In this case, the court found by clear and convincing evidence that Williams was a danger to himself and others, and would continue to be such a danger for the foreseeable future, absent his current treatment. Holmquist opined that although Williams would otherwise not be a danger to himself or others in the foreseeable future if he continues with his current treatment, he also noted that Williams had indicated during therapy that he would discontinue taking his schizophrenia medication if it were not court ordered. Therefore, Holmquist opined that absent current treatment, Williams could likely become a danger to himself or others in the foreseeable future. Although Williams testified at trial that he would not make any changes to his medication regimen if the court were to discontinue jurisdiction, multiple reports from various mental health providers indicate that Williams questions his diagnosis and need for medication. Therefore, the court continued Williams' outpatient treatment at LBHC, finding that there was a concern that Williams would discontinue his medication regimen without continued court supervision.

Upon review of this record, we conclude that there was clear and convincing evidence to support the district court's findings with regard to Williams' need for continued mental health commitment and treatment. *State v. Schinzel, supra*.

CONCLUSION

After reviewing the record, we cannot conclude as a matter of law that the district court erred in placing his legal custody with LBHC on an outpatient basis instead of discharging him from the jurisdiction of the court. Therefore, we affirm.

AFFIRMED.